# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

In Re: Application to Conduct Discovery Pursuant to 28 USC Section 1782

No. MC-20-00018-PHX-DLR

**ORDER**

Before the Court is Petitioner iFinex Inc.'s application for the issuance of a subpoena for the taking of a deposition and the production of documents for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. (Doc. 1.)

The fundamental purpose of § 1782 is to provide a procedure whereby a qualified applicant may obtain "federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Specifically, upon application by any interested person, § 1782(a) allows a district court to order a person residing within its district to produce documents or give testimony for use in a foreign proceeding.

"There are[] three threshold requirements for compelling discovery under § 1782: (1) the person from whom discovery is sought must 'reside' or be 'found' in the district; (2) the discovery must be for use in a proceeding in a foreign tribunal; and (3) the applicant must be an 'interested person.'"[1] *In re Godfrey*, 526 F. Supp. 2d 417, 418 (S.D.N.Y. 2007).

---

[1] An "interested person" includes corporate entities litigating in the relevant foreign tribunals. *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015).

If these requirements are met, "[t]he statute authorizes, but does not require," the district court to compel the requested discovery. *Intel*, 542 U.S. at 255. In exercising its discretion to grant or deny a request under § 1782, the court considers several factors, including: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding;" (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the request is an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the discovery request is "unduly intrusive or burdensome." *Id.* at 264-66. In weighing these factors, the court must be mindful of "the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistant to our courts." *In re Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997) (internal quotations and citation omitted).

iFinex Inc.'s application satisfies the threshold requirements of § 1782(a). Specifically, iFinex seeks to depose and obtain documents from Arizona Bank & Trust ("ABT"), headquartered in Arizona, for use in foreign proceedings—in which iFinex is an injured party—currently ongoing and contemplated in Poland, Portugal, and the United Kingdom. iFinex Inc.'s application also satisfies the discretionary factors. ABT is not a party to the current or contemplated foreign actions; there is no reason to believe that the foreign jurisdictions would be unreceptive to this Court's grant of the discovery sought or that iFinex Inc. is attempting to circumvent foreign proof-gathering restrictions; and iFinex Inc.'s proposed subpoena does not appear unduly intrusive or burdensome. Accordingly,

/ / /
/ / /
/ / /
/ / /

**IT IS ORDERED** that iFinex Inc.'s § 1782(a) application is **GRANTED**. iFinex Inc. may serve the subpoena (Doc. 1-2) on ABT at 2036 East Camelback Road, Phoenix, Arizona 85016.

Dated this 20th day of April, 2020.

Douglas L. Rayes
United States District Judge